UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| PAUL FORD AND ELIZABETH FORD | CIVIL ACTION |
|---|---|
| VERSUS | NO: 07-3988 |
| FREEPORT MCMORAN, INC. ET AL. | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Freeport McMoran Energy, L.L.C.'s motion for summary judgment is **DENIED**. (Document #28.)

**IT IS FURTHER ORDERED** that Freeport McMoran Energy, L.L.C.'s "Motion *in limine* to Exclude or Alternatively Limit the Testimony of Plaintiff's Expert, Neal Adams" is carried with the case, and the objections may be renewed in the context in which they arise at trial. (Document #29.)

### I. BACKGROUND

On September 21, 20006, Paul Ford was assigned by his employer, Production Management, Inc. (Production Management), as the lead operator to work on Platform 299 B, a production platform located at Main Pass 299 on the Outer Continental Shelf in the Gulf of Mexico. Freeport McMoran Energy, L.L.C. (Freeport) is the owner of Main Pass 299B, but does

not maintain operational control. Freeport entered into an agreement with Production Management to conduct the day-to-day operations aboard Platform 299B and other platforms.

In order to place Well B-14 in the test separator, Ford and a roustabout climbed into the test separator's elevated stand to change the orifice plate. Ford closed the fitting gate, bled down the meter run, unsecured the fitting seal plate, and rolled up the orifice plate to be changed. The meter run gate began leaking, releasing Hydrogen Sulfide ($H_2S$) gas into the atmosphere. Ford lost consciousness, but the roustabout caught him and prevented him from falling until he was able to awaken Ford. The $H_2S$ alarm sounded, and Ford directed the roustabout to call the night operator for assistance and to silence the alarm. Ford attempted to climb the egress ladder, but he fell through the ladder and cage to the grating deck below. Ford was revived a second time, and the roustabout retrieved a SCBA breathing device. Ford was able to ascend the ladder and block off the leaking gate valve.

Ford and his wife, Elizabeth, filed a complaint to recover damages for his injuries against Freeport and Daniel Measurement and Control, Inc. (Daniel), the manufacturer or the meter run. He alleges that Freeport was negligent because it knew that the gate valve leaked prior to September 21, 2006, failed to repair and replace the leaking meter run, and failed to inspect and maintain Main Pass 299B.[1] Freeport filed a motion for summary judgment.

## II. DISCUSSION

---

[1] Ford further alleges that Daniel provided a product that was unreasonably dangerous in construction or composition and design; provided an unreasonably dangerous product without providing adequate warning of the nature of the product; and provided an unreasonably dangerous product that did not conform to warranties, express or otherwise. The claims against Daniel have been dismissed.

**A. Summary judgment standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).

**B. Negligence**

Freeport contends that it bears no liability for the accident because Production Management was the only party operating Platform 299B, pursuant to a contractual right. Freeport contends that, under Louisiana law, platform owners owe no independent duty to ensure that independent contractors perform their obligations in a reasonably safe manner with two exceptions: 1) the principal cannot avoid liability for injuries that result from ultrahazardous activities by delegating such work to an independent contractor, and 2) principal cannot avoid liability if it retains or exercises operational control over an independent contractor's negligent acts. Freeport argues that neither of the exceptions is applicable.

Ford acknowledges that Freeport is not liable for the acts of an independent contractor and that the exceptions do not apply. He argues, however, that Freeport remains liable for its own acts of negligence. Specifically, Ford argues that the leaking Daniel meter was a component part of Platform 299B, which was in need of repair. Ford contends that there are

3

disputed issues of material fact as to whether Freeport knew of the defect and was responsible for ensuring that the issue was addressed appropriately.

The court concludes that summary judgment is not proper in this case. Ford has put forth deposition testimony that raises a material issue of fact as to whether the injury was caused by a defect; whether Freeport, as owner, knew or should have known of the defect; and whether the injury could have been prevented by the exercise of reasonable care. Accordingly, Freeport's motion for summary judgment is denied.

New Orleans, Louisiana, this __3rd__ day of March, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**